### MUNROE v. ERIE CITY IRON WORKS.

(Circuit Court, W. D. Pennsylvania.   March 5, 1906.)

1. PATENTS—INFRINGEMENT—MANHOLE FOR BOILERS.
    The Munroe patent, No. 339,998, for a manhole for boilers, *held* not anticipated, valid, and infringed.
2. SAME.
    The Munroe patent, No. 446,151, for a manhole cover, *held* not infringed.

In Equity. On final hearing.

John H. Roney, for complainant.
Hugh C. Lord, for respondent.

BUFFINGTON, District Judge. This is a bill in equity charging infringement of two patents, brought by Robert Munroe against the Erie City Iron Works. The first patent is No. 339,998, granted April 13, 1886, to said Robert Munroe for a manhole cover. The defenses are invalidity and noninfringement. Despite the large record the case falls within a comparatively narrow compass. The validity of this patent was sustained by this court in the case of Munroe v. Riter (No. 13, May Term, 1893) 143 Fed. 986. We find nothing in the additional proofs in this case to change our holding in the former case. Much insistence is placed on the French patent to Frogier of November 2, 1820, for a steam cooking vessel, but we cannot regard it as sufficient to invalidate this present patent, which, within its bounds, we regard as a material addition to the boiler art. As noted in our opinion, the elements of a flanged boiler opening, a male and female joint to effect closure, and the use of a manhole cover from within a boiler, so as to gain the advantage of steam pressure to make a closer joint, were all old, but Munroe was the first to unite these elements in a novel combination which is described in his claim, viz.:

"A metal plate or head for boilers, etc., having a manhole therein; said hole or opening being surrounded by a flange integral with the head, as des-

cribed, in combination with a cover having a circumferential groove therein for the reception of the flange, substantially as set forth."

Now obviously, if Frogier were using his cooking vessel today, it would not infringe this claim of Munroe's patent. He had no manhole in his vessel and had no occasion to use a flange integral with the material from which the head was constructed, in order not to weaken the structure by making so large an opening. There is substantial controversy as to just what his structure did consist of, whether of one lid or of two and whether the top of his vessel was removable simply by lifting. We do not regard the disclosure of his patent as sufficiently clear to show with certainty just what his device was. The metal which formed one side of his joint would seem not to be integral with that section to which it was attached. It could not, therefore, be held an infringement of Munroe's claim. The problem of making a cover for a steam cooker working under low pressure is also widely removed from putting a manhole sufficiently large for access to its interior in a regular boiler adapted to work under high pressure in such a way that the boiler shell was not weakened by the opening, while at the same time, a close tight joint was provided. The same thing may be said of the patent for a soda water tank to Puffer, No. 226,195. Conceding it has elements akin to those Munroe used, the novelty of the latter's device did not lie in the novelty of his elements, but in taking elements that were old and well-known, and combining them in a way, and for a use that was novel. Manifestly, Puffer's soda water tank does not infringe Munroe's claim, and therefore does not anticipate. Of McNeil's publication, it is sufficient to say it discloses neither a flanged opening or a grooved joint. Adhering then to our former ruling that Munroe's patent was valid, it is clear the respondent's construction embodied in Exhibit X infringes. It has in a boiler head a manhole which is formed by an inward flange integral with the head, and, in combination therewith, it has a cover with a circumferential groove for the reception of the flange.

The other patent of which infringement is charged is No. 446,151, of February 10, 1891, for a manhole cover. This patent purports to be an improvement on the device covered by the preceding patent. Such improvement is wholly in the cover. This consists in lengthening the inner ring of the joint groove so as to "afford a continuous lateral bearing for the flange, 3, of the head on its inner side; such function being wholly independent of and additional to that of forming the wall of a recess for the reception of packing, as in my patent, No. 339,998, before referred to." On this device two claims were allowed as follows:

"(1) A manhole cover having a circumferential groove adapted to receive a flange surrounding a manhole opening, and provided with a flange at the inner side of said groove of contour similar thereto and of sufficient depth to fit against the manhole opening flange from its face to or near its turn, substantially as set forth.

"(2) The combination of a metal sheet having a flange turned upon it around a manhole opening, and a cover provided with a circumferential groove receiving the flange of the sheet, and a flange at the inner side of said groove fitting against the flange of the sheet to or near the turn thereof, substantially as set forth."

Now none of the alleged infringing devices has a circumferential groove with a flange on its inner side, and, therefore, of a contour to fit against the manhole opening flange from its face to near its turn. A flange of that character on the cover being an element of each claim manifestly there is no infringement. The contention that such a shoulder is made by imbedding the manhole flange in the gasket is to urge what the patent neither disclosed, suggested, or claimed.

Finding no infringement the bill must be dismissed as to this patent. Under the facts and findings of this case we do substantial justice in dividing the costs.

Let a decree be prepared.